ANNIE MANNING, APPELLANT, V. CHARLES W. OAKES ET AL., APPELLEES.

FILED JANUARY 9, 1908. No. 15,042.

Tax Deed: VALIDITY. A tax deed issued to a former tenant of the premises cannot be avoided or set aside on the ground that such former tenant was indebted to the fee owner for rent which accrued during the tenancy.

APPEAL from the district court for Lancaster county; EDWARD P. HOLMES, JUDGE. *Affirmed.*

*J. C. McNerney,* for appellant.

*Shepherd & Ripley* and *I. H. Hatfield, contra.*

DUFFIE, C.

This suit brings in question the title to a part of lot 6, in block 5, Avondale addition to the city of Lincoln. The plaintiff, Mrs. Manning, holds a deed from the prior

owner of the fee. The defendant, Lydia L. Newcomb, claims under a judicial sale for taxes. Some time in 1900 Mrs. Newcomb rented the premises of one Edward Hughes, acting as agent for Mrs. Manning, the fee owner. The lot had previously been sold for taxes to one Oakes, who had commenced an action to foreclose his tax lien and had taken a decree in May, 1899. Some negotiations were had, pending the foreclosure proceedings, between Oakes' attorney and Mr. Hughes relating to a redemption from the tax sale, and Hughes had, from time to time, paid small amounts, and even after the entry of decree had made one or two small payments, but no valid agreement not to sell under the decree has been shown. In the meantime Mrs. Newcomb and her husband were in possession of the lot as tenants of Mrs. Manning, and in 1903 she purchased the premises at tax sale, and is still the owner of the tax sale certificate. Some time in 1904, after the death of her husband, she vacated the premises, and in 1905 took an assignment of the decree in favor of Oakes, had an order of sale issued, the lot sold, and a deed issued under which she now claims title. The tax sale certificate issued to her in 1903 has never been foreclosed, and her title rests upon the sale made under the foreclosure in the Oakes case.

Mrs. Manning brought this action to redeem from the sale for taxes, and she insists that the Oakes judgment was paid in full prior to the assignment to Mrs. Newcomb, and that the deed ought to be held void for that reason. She further invokes the well-known rule that a tenant, while in possession, cannot acquire title adverse to the landlord, and that a purchase by the tenant under a judicial or tax sale is presumed to be for the protection of the tenant's possession, and not with the purpose of asserting a title adverse to the landlord. In this case Mrs. Newcomb is not asserting any title under the tax sale certificate acquired in 1903 while she was in possession as tenant of Mrs. Manning, and her right under such certificate need not be considered. When she took an assignment of the Oakes foreclosure decree, she had surrendered possession of the

premises, and was living in the state of Kansas. She had ceased to be a tenant of Mrs. Manning, and had the same right to purchase the Oakes decree as had any other party. The fact that she may have been indebted for rent, which accrued during her possession of the premises as tenant of Mrs. Manning, could not affect her right to purchase this decree. If that decree had not been paid in full; a sale thereunder conveys good title. A careful reading of the bill of exceptions convinces us that the trial court was right in holding that the Oakes decree had not been fully paid and satisfied. Plaintiff had every opportunity to redeem from that foreclosure. It stood from 1899 until 1905, when assigned to Mrs. Newcomb. We can discover no fraud on Mrs. Newcomb's part in taking an assignment of that decree, or insisting that her title acquired from a sale made thereunder is valid.

We think the decree appealed from was the only one which the evidence warrants, and recommend its affirmance.

Epperson and Good, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.